UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BROOKS,

              Plaintiff,           CIV. NO. 13-11359

        v.                  HON. TERRENCE G. BERG

EDMOUND GLYNN,          HON. MONA K. MAJZOUB

              Defendant.

_____/

## OPINION AND ORDER DISMISSING
## PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)

Plaintiff Patricia Brooks, proceeding *pro se*, filed the instant lawsuit along with an application to proceed *in forma pauperis* and an application for appointment of counsel. Plaintiff has filed several lawsuits in this District over the years – including two filed on the same date as the present matter.[1]

For the reasons that follow, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and her application for appointment of counsel is **DENIED AS MOOT**.

---

[1] On the same day this case was filed, Plaintiff filed two additional cases: Civil Case No. 13-11358 (assigned to the Honorable Marianne Battani) and Civil Case No. 13-11357 (assigned to the Honorable Patrick Duggan). Judges Duggan and Battani have already dismissed these cases as frivolous. Plaintiff also filed previous lawsuits in this District, which have been dismissed for lack of subject matter jurisdiction and/or because the claims alleged therein were frivolous: Civil Case Nos. 11-13229 (Rosen, C.J.); 11-13217 (Cox, J.); and 10-10872 (Hood, J.).

**A.  Plaintiff's Application to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed *in forma pauperis*, or without the prepayment of fees.  Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets ... [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  If an application to proceed *in forma pauperis* is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir.1990).  Once the complaint has been filed, it is then tested to determine whether it is frivolous or if it fails to state a claim upon which relief can be granted. *See Gibson*, 915 F.2d at 261. The Court finds Plaintiff's financial affidavit to be facially sufficient; therefore, the Court will grant Plaintiff's motion to proceed *in forma pauperis*.

**B.  Dismissal Under § 1915(e)(2)**

The Supreme Court has recognized that Congress, in enacting the federal *in forma pauperis* statute, "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs of litigation."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 93 L.Ed. 43 (1948)).  At the same time, however, "Congress

2

recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Wiliams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Responding to this concern, Congress provided § 1915(e)(2), which establishes that a court "shall dismiss the case" if the court finds that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal —
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2).

When a plaintiff proceeds without the assistance of counsel, a court is required to liberally construe documents and hold them to a less stringent standard than a similar pleadings drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, a complaint must contain more than legal labels, conclusions, and a recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Plaintiff's handwritten Complaint is mostly incomprehensible.  From what the Court can discern, Plaintiff alleges that Defendant Edmound Glynn broke into a storage unit and stole $40,000 worth of property.  Plaintiff also appears to claim that a "Terrance Brooks" was drugged and that "people are being held and raped." The Complaint further contains statements that Defendant Glynn was "raping Schrice William" and that unidentified people were bringing "snakes" into hotel rooms.

Even with most liberal reading of Plaintiff's Complaint, the Court finds this action to be frivolous in that the allegations are wholly incredible. *See Denton,* 504 U.S.  at 33 (noting that a court may dismiss a claim if the facts are "clearly baseless," "fantastic," and "delusional").  Furthermore, it is evident from Plaintiff's Complaint that federal subject matter jurisdiction is lacking. A court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3); *McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999).

On the cover sheet submitted with her Complaint, Plaintiff checked the box indicating that the basis of jurisdiction is "diversity" (Dkt. 1).[2]  The facts showing the existence of jurisdiction, however, must be affirmatively alleged in Plaintiff's Complaint.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936); *Cincinnati Sch. Dist. v. Bd. of Educ.*, No. 04-4258, 2005 WL 6781829, at *3 (6th Cir. Oct. 17, 2005) (citing Fed. R. Civ. P. 8; *Bd. of Trustees of*

---

[2] Plaintiff also checked boxes for "U.S. Government Plaintiff" and "U.S. Government Defendant."  However, there is no allegation that either Plaintiff or Defendant are in any way related to the Federal Government.

4

*Painesville Twp. v. City of Painseville*, 200 F.3d 396, 398 (6th Cir. 1999); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). Plaintiff's Complaint is devoid of such facts.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states . . .." 28 U.S.C. § 1332(a). While it appears from Plaintiff's Complaint that she lives in Missouri – and presumably is a citizen of that state – the citizenship of Defendant Glynn is not stated or suggested.[3]  Moreover, the facts alleged do not suggest that the amount in controversy exceeds $75,000.   Nor do the facts suggest that Plaintiff is asserting claims arising under federal law. *See* 28 U.S.C. § 1331 (providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Accordingly,

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **GRANTED**; Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2); and Plaintiff's request for appointment of counsel is **DENIED AS MOOT**.

**SO ORDERED**.

---

[3] Plaintiff's Complaint implies that Mr. Glynn may have resided at 897 Redwood, Norcross, GA on October 10, 2010 – but this allegation is not sufficient to establish Mr. Glynn's citizenship on the date the Complaint was filed, March 27, 2013.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:

## **Certificate of Service**

I hereby certify that this Order was electronically submitted on April 10, 2013 using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

Copy mailed to:

Patricia Brooks
3107 Elmwood
Kansas City, MO 64128

6